IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Colding*
Case No. 3:17-cr-00054-TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on Petitioner Matthew Adrian Colding's Motion to Expand the Record (the "Motion") pursuant to Rule 7 of the rules governing 28 U.S.C. § 2255 proceedings.[1] The Motion is unopposed. The matter is now ripe for resolution by the Court.

On May 18, 2017, Colding was indicted for a violation of 18 U.S.C. § 922, possession of a firearm by a felon.[2] He pleaded not guilty.[3] On August 3, 2017, Colding changed his plea to guilty pursuant to a Plea Agreement with the Government.[4] In the Agreement, Colding purported to "waive all rights to appeal the conviction and sentence imposed under this agreement and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s)."[5] The Court entered its judgment on August 20, 2018, sentencing Colding to 120 months' incarceration, followed by three years of supervised release.[6]

On April 10, 2019, Colding filed a Motion to Vacate his sentence under 28 U.S.C. § 2255,[7] asserting his trial counsel was deficient in violation of his Sixth Amendment rights.[8] Specifically, Colding claims that his trial counsel failed to correct alleged misstatements by the Court regarding the effect of the appeal waiver in the Plea Agreement.[9] Additionally, he claims that his trial counsel was deficient for failing to file a notice of appeal despite the appeal waiver in his plea agreement.[10] The Government opposed the Motion to Vacate.[11] In its Response, the Government argues that the Court made no misstatements at the plea hearing.[12] The Government further claims that Colding's

---

[1] Dkt. 165 (Motion).
[2] Dkt. 22 at 2 (Indictment).
[3] Dkt. 32.
[4] Dkts. 42 (Plea Agreement), 49 (Change of Plea Minute Entry).
[5] Dkt. 42 at 2.
[6] Dkt. 116 (Judgment).
[7] Dkts. 146 (Motion to Vacate), 147 (Memorandum).
[8] Dkt. 147 at 6–12.
[9] *Id.* at 6–11.
[10] *Id.* at 11–12.
[11] Dkt. 158 (Response in Opposition)
[12] *Id.* at 10.

counsel cannot be said to be deficient where there is "not a scintilla of evidence petitioner requested an appeal."[13]

Colding's Motion now seeks to expand the record to include an email from his trial counsel, Darrel Gardner, in which Attorney Gardner states that he did not find "any indication that [Colding] ever asked [Attorney Gardner] about filing an appeal."[14] The Court requested the Government to respond to the Motion.[15] The Government did not oppose the Motion.[16]

Rule 7(a) of the Rules Governing § 2255 Actions permits courts considering a motion to vacate under § 2255 to "direct the parties to expand the record by submitting additional materials relating to the motion." Materials that may be added include "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge."[17] Under Local Rule 7(b) if the petition requests the record be expanded, "[t]he petitioner must file a motion for expansion of the record not later than twenty-one (21) days after the answer is served and filed by the respondent." The motion must be accompanied by the materials requested to be included in the record.[18]

Colding's Motion is timely and includes the documents to be included.[19] Further, the Court finds that Gardner's statements regarding whether Colding requested an appeal—although perhaps not dispositive under recent developments in the law[20]—is relevant to the substance of Colding's ineffective assistance of counsel claim.

Accordingly, the Petitioner's Motion to Expand the Record is **GRANTED**. The Court will consider the exhibit attached at docket 165-1 as part of the record in assessing Colding's Motion to Vacate.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 6, 2019

---

[13] *Id.* at 12–14.
[14] Dkt. 165.
[15] Dkt. 166 (Order).
[16] Dkt. 167 (Response in Non-Opposition).
[17] 7(b) Rule Governing § 2255 Actions.
[18] D.Ak. HCR 7(b)(3).
[19] Dkts. 165 and 165-1.
[20] *Garza v. Idaho*, 139 S. Ct. 738 (2019); *United States v. Fabian-Baltazar*, 931 F.3d 1216 (9th Cir. 2019). A reading of *Garza* and *Fabian-Baltazar* suggests that even where a defendant has signed an appeal waiver as part of a plea agreement and a defendant has not requested that their counsel file an appeal, counsel may still be ineffective if they do not consult with defendant about an appeal. Therefore, evidence that Colding never requested an appeal neither proves nor defeats his ineffective assistance claim. Instead, under a plausible reading of the *Garza* line of cases it highlights the need to determine whether his trial counsel consulted with Colding about whether or not he wanted to appeal.