# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Matthew Adrian Colding*
Case No. 3:17-cr-00054-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Matthew Adrian Colding's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (the "Motion").[1] Colding, age 29, argues he is eligible for a nine-month sentence reduction under U.S. Sentencing Guideline ("U.S.S.G.") Amendment 821 and U.S.S.G. § 1B1.10, which would reduce his criminal history category and result in a new sentencing range of 63 to 78 months.[2] The United States (the "Government") and USPO oppose the Motion.[3] For the following reasons, the Court **DENIES** the Motion.

### A. Background

On August 3, 2017, pursuant to a plea agreement, Colding pleaded guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 1).[4] In the underlying offense, Colding entered a residence bearing a semi-automatic handgun with a codefendant to commit a robbery with a firearm.[5] He beat an occupant on the right side of the face with a handgun, threatened the victim, subsequently pursued another occupant outside, and engaged in a shootout with other occupants inside the residence, during which he and his codefendant fired multiple shots.[6] Colding was shot three times, collapsed in the front yard, and placed a handgun in a planter near the front porch.[7] Subsequent investigation revealed the handgun in the planter, that the handgun had traveled in interstate or foreign commerce, and that ten shots had been fired from outside into the residence.[8] On August 7, 2018, Colding was sentenced to 120 months of imprisonment, an upward variance to the statutory maximum term of imprisonment, to be followed by three years of supervised release.[9] His projected release date is November 3, 2025.[10]

---

[1] Dkt. 199 (*Pro Se* Motion for Sentence Modification); Dkt. 204 (Amended Motion for Sentence Reduction).
[2] Dkt. 204 at 1–2.
[3] Dkt. 205 (Government Opposition); Dkt. 202 (Sealed USPO Memo).
[4] Dkt. 49 (Minute Entry); Dkt. 42 (Plea Agreement).
[5] Dkt. 42 at 3–4.
[6] *Id.* at 4; *see* Dkt. 112 (Sealed Presentence Report) at 5.
[7] *Id.*
[8] *Id.*; Dkt. 112 at 5.
[9] Dkt. 113 (Minute Entry); Dkt. 116 (Judgment) at 2–3.
[10] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/; Dkt. 204 at 2.

In his Motion, Colding requests a nine-month reduction of his sentence under Amendment 821, which would decrease his total carceral sentence from 120 months to 111 months.[11] He argues that a sentence reduction is warranted based on his lower U.S.S.G. guideline range under Amendment 821, the length of time he has served, and the 18 U.S.C. § 3553(a) factors.[12] Because he was on probation at the time of the offense, Colding received two status points to his criminal history score under U.S.S.G. § 4A1.1(d), resulting in a guideline range of 70 to 87 months.[13] Amendment 821 retroactively limits status points to those with a threshold criminal history score, and thererefore, Colding notes, he would receive no status points under the current scoring system and his adjusted guideline range would be 63 to 78 months.[14] As of June 2024, he observes that he has served approximately "seven years of his ten-year sentence," "[w]ith good time credit, he is already nearing his release date of November 3, 2025," and that BOP has informed him that "he is nearing release to halfway house long before then."[15]

Colding also argues that the § 3553(a) factors favor his release because "[he] has shown through his behavior that he is rehabilitated," having "completed more than 100 hours of programming, including group counseling sessions," "developed skills for coping with the influence of bad actors," and substantially complied while in BOP custody.[16] He proposes to release to supervision in California.[17] He argues a sentence of 111 months is appropriate because it is still an above-guideline punishment and "would thus still address the aggravating facts in this case while recognizing" Colding's rehabilitation.[18]

Opposing the Motion, the Government argues that the Court's initial "decision to vary upward to 10 years should not be disturbed" because "even if the amendment to the Guidelines was in place at the time, the sentence still would have been the same," due to the "extreme conduct" involved in both the offense and his criminal history.[19] It observes that Colding was "involved in a violent robbery which involved an attempted murder and a subsequent shootout."[20] Moreover, at the time of the offense conduct, Colding "was on state probation for a separate home invasion robbery conviction."[21] Thus, although the guideline range at the time of sentencing was 70 to 87 months,

---

[11] *Id.* at 1. In his *pro se* motion, Colding originally asked the Court to reduce his sentence by six to eight months. Dkt. 199 at 4. In his amended motion, defense counsel clarified that Colding asked for this more "modest" reduction because "he recognizes that his offense was aggravated"; however, counsel "suggests that the Court reduce the sentence by nine months, commensurate with the drop in the high-end of the guideline range from 87 to 78 months." Dkt. 204 at 1–2.
[12] Dkt. 204 at 1–3.
[13] *Id.* at 2; Dkt. 202 at 2; Dkt. 112 at 9.
[14] Dkt. 204 at 2.
[15] *Id.*
[16] Colding notes he has only had one disciplinary action while in custody for installing a light cover in his cell, a violation that "did not involve contraband or violence." *Id.* at 3.
[17] *Id.* at 3–4.
[18] *Id.* at 4.
[19] Dkt. 205 at 4.
[20] *Id.* at 1.
[21] *Id.* at 1–2.

the Government suggests that the Court sentenced Colding to the statutory maximum of 120 years based on the violent nature of the offense and "because [his] conduct was so similar and recent in time" to prior crimes.[22] Considering the § 3553(a) factors, it therefore asserts that "no sentence reduction is necessary."[23]

USPO agrees that Colding is eligible for a sentence reduction under Amendment 821.[24] It observes that the amendment reduces his criminal history category, resulting in an amended guideline range of 63 to 78 months.[25] However, noting the nature of the underlying offense, Colding's criminal history, and his recent infractions while in BOP custody, USPO does not recommend a sentence reduction because it would not serve the sentencing goals of protecting the public from further crimes or adequately deterring criminal conduct.[26]

### B. *Legal Standard*

1. <u>U.S.S.G. Amendment 821.</u>

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[27]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[28] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[29] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[30] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized

---

[22] *Id.* at 4.
[23] *Id.*
[24] Dkt. 202 at 2, 4.
[25] *Id.* at 2.
[26] *Id.* at 4.
[27] U.S.S.G. § 4A1.1(e).
[28] U.S.S.G. §§ 1B1.10(a)(1), (d).
[29] 18 U.S.C. § 3582(c)(2).
[30] U.S.S.G. § 1B1.10(b)(2)(A).

-3-

Case 3:17-cr-00054-TMB   Document 207   Filed 06/21/24   Page 3 of 4

by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[31]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[32]

### C. Discussion

First, the Court finds that Colding is eligible for a sentence reduction under Amendment 821. Colding committed the offense conduct while under probation and received two status points to his criminal history score, resulting in a criminal history score of four and a guideline range of 70 to 87 months. However, as he would not have received any additional status points to his criminal history score under the current amendment, his criminal history score would have remained two, resulting in a lower criminal history category and an amended guideline range of 63 to 78 months. Thus, the Court finds that Colding is eligible for a sentence reduction accordingly.

However, considering the § 3553(a) factors, the Court finds that a sentence reduction is not warranted. The underlying offense was extremely serious and violent in nature, involving Colding breaking into a residence armed with a handgun and engaging in a shootout with the occupants. Moreover, Colding's criminal history includes convictions for theft and other home invasion robberies, and he was on probation for such an offense when he committed the offense conduct. Given the nature of Colding's offense and his criminal history, the Court does not find that a sentence reduction would serve purposes of sentencing in this case under the § 3553(a) factors, particularly considering the need to protect the public and deter Colding from committing future criminal acts.

As Colding has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Dockets 199 and 204 is **DENIED**.


Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:        June 21, 2024.

---

[31] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[32] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.